O
JS-6

# United States District Court
# Central District of California

| | |
|---|---|
| GALILEO SURGERY CENTER, L.P., <br><br>     Plaintiff, <br><br>     v. <br><br> AETNA HEALTH AND LIFE INSURANCE COMPANY, <br><br>     Defendants. | Case № 2:14-cv-09747-ODW(VBKx) <br><br> **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [16]** |

## I.   INTRODUCTION

Plaintiff Galileo Surgery Center, L.P. moves to remand this case for lack of subject matter jurisdiction.  Defendant Aetna Health and Life Insurance Company argues that Plaintiff's state law claims are completely preempted by the Employee Retirement Income Security Act ("ERISA") thereby providing the Court with original jurisdiction.  For the reasons discussed below, the Court **GRANTS** Plaintiff's Motion to Remand.[1]  (ECF No. 16.)

## II.   FACTUAL BACKGROUND

On October 28, 2014, Plaintiff filed a small claims action in the San Luis Obispo Superior Court to collect unpaid medical services from Defendant in the amount of $2,312.00.  (Mot. 3.)  Plaintiff's claims are "ostensibly" outlined as causes

---

[1] After carefully considering the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; L.R. 7-15.

of action for Breach of Oral Contract, Breach of Written Contract, Services Rendered, Labor Performed, Promissory Estoppel, and Unjust Enrichment. (*Id.*) Plaintiff is a medical services provider who treated two of Defendant's insured. (Connell Decl., Ex. A.) Prior to Plaintiff providing medical services and facilities, the Defendant's insureds executed an Assignment of Benefits form assigning all of their health insurance benefits under Defendant's health insurance policies to Plaintiff. (*Id.*) In addition, Plaintiff alleges that before treatment, it verified with Defendant that the health insurance plans were in effect, the medical procedures and related services were covered, and Plaintiff would be reimbursed its "usual and customary costs for the medical procedures and related services." (*Id.*)

Plaintiff further alleges that after rendering medical services and facilities to the insured, Defendant made unreasonably low claim payments, which did not comply with the terms of the health insurance policies. (*Id.*) As a result of Defendants not fully performing under its insurance policies, Plaintiff suffers damages in the amount of $2,310.12. (*Id.*)

Defendant removed this action on December 19, 2014. (ECF No. 1.) On January 16, 2015, Plaintiff filed this present Motion to Remand. (ECF No. 16.) Defendant timely opposed and Plaintiff replied. (ECF Nos. 17, 18.) That Motion is now before the Court for consideration.

### III.   LEGAL STANDARD

There are two grounds for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331; and (2) diversity jurisdiction under 28 U.S.C. § 1332. A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." *Id*. at § 1331. A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between citizens of different states, or citizens of a State and citizens or subjects of a foreign state . . . ." *Id*. at § 1332(a)(1)–(2).

A defendant may remove any civil action from state court to federal district court if the district court has original jurisdiction over the matter. 28 U.S.C.A. § 1441(a). "The party invoking the removal statute bears the burden of establishing federal jurisdiction." *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988). Courts "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (internal citations omitted). "[I]f there is any doubt as to the right of removal in the first instance," the motion for remand must be granted. *Id*.

The district court determines whether removal is proper by first determining whether a federal question exists on the face of the plaintiff's well-pleaded complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). However, an exception to the well-pleaded complaint rule is "when a federal statute wholly displaces the state-law cause of action through complete pre-emption." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003). In other words, "[w]hen the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality, based on federal law." *Id*. In such circumstances, "the state claim can be removed" to federal court. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004). On the other hand, if the state law claims are not completely preempted, the district court lacks subject matter jurisdiction to hear the action. *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 945 (9th Cir. 2009). If the "district lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C.A. § 1447(c).

If the district court determines that removal was improper, then the court may also award the plaintiff costs and attorney fees "incurred as a result of the removal." *Id*. The court has broad discretion to award costs and fees whenever it finds that removal was wrong as a matter of law. *Balcorta v. Twentieth–Century Fox Film Corp.*, 208 F.3d 1102, 1106 n. 6 (9th Cir. 2000).

/ / /

## IV. DISCUSSION

Defendants contend that removal is proper based on federal question jurisdiction because Plaintiff's state law claims actually arise under ERISA, which is a federal law. Defendants provide evidence that the group health insurance plans at issue are ERISA regulated plans under 29 U.S.C. § 1002. (*See* ECF No. 4, Adinolfi Decl., Exs. 1, 2.) A "party seeking removal based on federal question jurisdiction must show either that the state-law causes of action are completely preempted by § 502(a) of ERISA, or that some other basis exists for federal question jurisdiction." *Marin Gen. Hosp.*, 581 F.3d at 945. Neither Plaintiff nor Defendants assert another basis for federal question jurisdiction, and thus, the issue is whether Plaintiff's breach of contract claims are completely preempted by ERISA.

In *Davila,* the Supreme Court developed a two-prong test for determining whether an asserted state-law claim is completely preempted by ERISA § 502(a)(1)(B). 542 U.S. at 210. *Davila*'s two prongs are: (1) "an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B);" and (2) "no other independent legal duty" is implicated. *Id.* A "state-law cause of action is preempted by § 502(a)(1)(B) only if both prongs of the test are satisfied." *Marin Gen. Hosp.*, 581 F.3d at 947.

### A. *Davila*'s First Prong

Under the first prong of *Davila,* the issue is whether "an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B)." *Davila,* 542 U.S. at 210. Section 502(a)(1)(B) provides that a "civil action may be brought . . . by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C.A. § 1132(a)(1)(B). However, even if a party "could have brought suit" under section 502(a)(1)(B), "it [does] not automatically mean that [the party] could not bring some other suit . . . based on some other legal obligation." *Marin Gen. Hosp.,* 581 F.3d at 948.

Plaintiff claims arise out of alleged oral agreements where Defendant agreed to pay Plaintiff the "usual and customary costs of the medical procedures and related services." (ECF No. 1, Ex. 1.) Plaintiff contends that Defendant failed to make payments based on the agreed upon rates. Under *Marin*, claims for amount due based on oral and implied contracts separate from an ERISA plan, do not satisfy the first prong of the *Davila* test. 581 F.3d at 948. Further, the patients who received medical services from Plaintiff could not make claims against Defendant because these patients were not parties to the alleged oral agreements. *See Blue Cross of Cal. v. Anesthesia Care Associates Med. Grp., Inc.*, 187 F.3d 1045, 1050 (9th Cir. 1999) ("[C]laims, which arise from the terms of [the written] agreements and could not be asserted by their patient-assignors, are not claims for benefits under the terms of ERISA plans, and [thus] do not fall within § 502(a)(1)(B)."). For these reasons, the first prong of the *Davila* test is not met. *See Lodi Mem'l Hosp. Ass'n, Inc. v. Aetna Health Plans of California, Inc.*, No. 2:13-CV-01123-MCE, 2013 WL 5158390, at *2-3 (E.D. Cal. Sept. 12, 2013) (finding claims arising out of oral agreements do not meet the first prong of the *Davila* test).

**B.     *Davila*'s Second Prong**

The second prong of *Davila* presents the issue whether "there is no other independent legal duty that is implicated by a defendant's actions." 542 U.S. at 210. "If there is some other independent legal duty beyond that imposed by an ERISA plan, a claim based on that duty is not completely preempted under § 502(a)(1) (B)." *Marin*, 581 F.3d at 949. As the Ninth Circuit explained in *Marin*:

> It is not enough for complete preemption that the contract and tort claims "relate to" the underlying ERISA plan, or that ERISA § 502(a)(1)(B) may provide a similar remedy. The question under the second prong of *Davila* is whether the complaint relies on a legal duty that arises independently of ERISA.

/ / /

/ / /

1  *Id.* at 950. There, the state law claims based on the alleged oral contracts were not
2  based on an obligation under an ERISA plan. *Id*. They were based on independent
3  legal duties. *Id*. Plaintiff's asserted state-law claims are not based on obligations that
4  arise under an ERISA plan. (Reply 2–3.) Rather, they are premised on the alleged
5  contracts created during conversations with Defendant. (*Id*.) Thus, these claims are
6  pursued by Plaintiff, "not as an assignee of a purported ERISA beneficiary, but as an
7  independent entity claiming damages." *Marin*, 581 F.3d at 949 (quoting *Cedars–
8  Sinai Medical Center v. National League of Postmasters of the United States*, 497
9  F.3d 972, 978 (9th Cir. 2007)).

10     Defendant contends that Plaintiff's state-law claims would require the Court to
11 construe and apply ERISA plan terms in determining the appropriate reimbursement.
12 For this reason, it argues that they are dependent upon a claim for benefits under
13 ERISA. (Opp'n 6-7.) This argument is not persuasive. The terms of these alleged
14 arrangements will be determined by the evidence as to the communications between
15 the parties. *Los Angeles Sleep Studies Inst*., 2014 WL 5421044, at *7. For these
16 reasons, Plaintiff's causes of action are based on an independent legal duty and do not
17 satisfy the second prong of *Davila*.

18     Because Plaintiff's state law claims are not completely preempted by ERISA,
19 there are no federal causes of action to support a finding of supplemental jurisdiction.
20 Lastly, the Court finds that an objectively reasonable basis for removal existed and
21 therefore payment of costs and attorney's fees to Plaintiff is not appropriate.
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Plaintiff's Motion to Remand. (ECF No. 16.) This action shall be remanded to the San Luis Obispo Superior Court. The Clerk of the Court shall close this case.

**IT IS SO ORDERED.**

March 3, 2015

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**